IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 7, 2017

## RICCO WILLIAMS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 8856     Joe H. Walker, III, Judge**

_____

### No. W2016-02602-CCA-R3-PC

_____

Ricco Williams, the Petitioner, was convicted of various charges, and on appeal, this court and the Tennessee Supreme Court affirmed three convictions of especially aggravated kidnapping of three minor victims accomplished with a deadly weapon, aggravated burglary, aggravated robbery accomplished with a deadly weapon, and aggravated assault. The Petitioner timely filed a petition for post-conviction relief, which the post-conviction court denied. On appeal, the Petitioner asserts that trial counsel's performance was deficient because he failed to: (1) request fingerprint testing on several items of evidence; (2) file a motion to suppress the introduction of these items at trial; (3) request a mistrial when two potential jurors stated during voir dire that they recognized the Petitioner from his prior incarceration; (4) allow the Petitioner to negotiate directly with the State regarding plea offers; and (5) move to dismiss the indictment "because one count contained an inaccurate conviction." The Petitioner asserts that he was prejudiced by these deficiencies because "[t]he trial evidence circumstantially tied the [Petitioner] to the crime" and "anything trial counsel could do to refute the circumstantial evidence would be crucial for the jury to consider." The Petitioner additionally asserts that, had he "prevailed in a Motion to Suppress or Motion to Dismiss the Indictment[,] he would have prevailed at trial." After a thorough review of the facts and applicable case law, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Christy Cooper Davis, Greenfield, Tennessee, for the appellant, Ricco Williams.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Mark E. Davidson, District Attorney General; and Julie Pillow, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I. Factual and Procedural Background

In *State v. Williams*, the Tennessee Supreme Court summarized the factual and procedural history of the Petitioner's case as the following:

> The [Petitioner], along with two accomplices, broke into a family's home while they were sleeping. Brandishing weapons, the intruders forced the family members to remain in the living room while they ransacked the home. The intruders later fled with money and jewelry. At trial, a [*State v. White*, 362 S.W.3d 559 (Tenn. 2012)] jury instruction was neither requested nor given. The jury convicted the [Petitioner] of numerous charges, including five counts of especially aggravated kidnapping of the husband, wife, and three children; aggravated burglary of the husband's residence; and two counts of aggravated robbery of the husband and wife. The Court of Criminal Appeals affirmed the convictions for especially aggravated kidnapping, aggravated burglary, and one count of aggravated robbery as to the husband and modified the conviction of aggravated robbery of the wife to aggravated assault. On review, we remanded the case for consideration in light of *White*. The Court of Criminal Appeals affirmed the convictions of especially aggravated kidnapping as to the three children, but, in light of *White* and *State v. Cecil*, 409 S.W.3d 599 (Tenn. 2013), reversed the convictions of especially aggravated kidnapping as to the husband and wife and remanded those charges for a new trial.

468 S.W.3d 510, 511-12 (Tenn. 2015).

*Post-Conviction Proceedings*

The Petitioner filed a timely pro se petition for post-conviction relief. At the post-conviction hearing, the Petitioner testified that he met with trial counsel four or five times prior to trial for thirty to forty-five minutes. He stated that he was with his wife in Decatur, Georgia, at the time of the offenses, but trial counsel informed him that it would not be in his best interest to assert an alibi defense. He also alleged that, during voir dire, two potential jurors stated that they knew the Petitioner from a previous period of

incarceration. He explained that he was prejudiced by trial counsel's failure to request a mistrial after the potential jurors' statement because trial counsel selected jurors from the jury pool that heard the potential jurors' statements. The Petitioner also testified that he did not receive discovery from trial counsel and that trial counsel failed to file a motion to suppress or object to the admission of several pieces of evidence, including a wallet,[1] a tire iron, a handkerchief, and a firearm magazine. He explained that these pieces of evidence were moved to different locations before they were photographed and tagged by law enforcement for identification. He also stated that the photographs of the crime scene showed that non-law enforcement individuals were inside the crime scene during the investigation. Additionally, the Petitioner stated that the State introduced a prior booking photograph into evidence to establish that he had previously worn a different hair style. He stated that trial counsel's failure to object to the admission of this photograph prejudiced him because the booking photograph damaged his reputation with the jury.

Further, the Petitioner testified that trial counsel failed to file a motion to dismiss the indictment because several counts mistakenly listed convictions from Illinois. The post-conviction court noted that count ten of the indictment, possession of a firearm having been previously convicted of a felony, was not read to the jury.[2] The Petitioner asserted that trial counsel failed to request that several pieces of evidence be tested for fingerprints, including the tire iron, the firearm magazine, the wallet, and the handkerchief. He also stated that he requested to negotiate for a plea directly with the State, but trial counsel advised him that he should not speak to the State directly. Lastly, the Petitioner stated that he asked trial counsel for an "evidentiary hearing[,]" but he never received a hearing.

On cross-examination, the Petitioner agreed that the State offered a plea offer of twelve years at 100% service while the Public Defender's Office represented him and that he did not accept that plea offer. The Petitioner denied that trial counsel informed him of other plea offers. He agreed that trial counsel filed a notice of alibi that named the Petitioner's wife as a potential alibi witness. The Petitioner denied that his wife testified at a pre-trial hearing that she was not with the Petitioner while the offenses were committed. He agreed that evidence was presented at trial that the wallet that was found at the crime scene could not be tested for fingerprints because it was wet when it was found. The Petitioner asserted that trial counsel did not spend enough time preparing for

---

[1] Law enforcement found the Petitioner's driver's license inside the wallet. *State v. Ricco R. Williams*, No. W2011-02365-CCA-R3-CD, 2013 WL 167285, at *5 (Tenn. Crim. App. Jan. 14, 2013), *perm. app. granted* (Tenn. Aug. 21, 2013).

[2] It appears from the record and prior opinions that the Petitioner's case was bifurcated for counts ten and eleven.

trial, particularly in preparing to cross-examine law enforcement witnesses about their failure to utilize proper techniques when they secured and investigated the crime scene. He agreed that, on appeal, counts ten and eleven of his indictment were dismissed and that he was no longer serving his sentences for those convictions. He also agreed that the two prospective jurors who recognized him from a prior incarceration were dismissed from the jury pool.

Trial counsel testified that he met with the Petitioner between five and ten times during his representation. During these meetings, trial counsel discussed any plea offers from the State, trial strategies, and discovery. More specifically, trial counsel discussed with the Petitioner that the wallet was found at the crime scene and explained why the wallet was damaging to the Petitioner's case. He advised the Petitioner to accept a plea offer because of the strong evidence against the Petitioner. He noted that he continued negotiating with the State up to the day of trial. Trial counsel explained that he advised the Petitioner not to speak to the State directly about plea negotiations because the State could use any statement that the Petitioner made against him at trial. Trial counsel agreed that the Petitioner informed him that his wife was his alibi witness. Trial counsel met with her and determined that her testimony "[w]ould have been a disaster at trial." Therefore, trial counsel developed a trial strategy that focused on pointing out law enforcement's poor efforts at preserving the crime scene. He also argued that the Petitioner "had lived next door [to the victims] and that the wallet could have got[ten] there in . . . different ways, or that it could have been planted there due to the lady that lived next door who [the Petitioner] had dated and was no longer dating."

On cross-examination, trial counsel clarified that the Petitioner's alibi defense that he was with his wife in Georgia during the offenses "was not accurate" and "wasn't true." Trial counsel recalled that, in the Petitioner's case, "on numerous occasions the procedure for securing a crime scene . . . was not followed . . . the way it should have been," and trial counsel successfully argued that non-law enforcement individuals were in the crime scene during its preservation and investigation. Trial counsel testified that he did not object to the introduction of evidence found at the crime scene because he "didn't feel that [he] had a reasonable basis under the law to object as far as chain of custody goes or any legal basis to object." He explained that, while he believed that law enforcement did a poor job of securing the crime scene, their negligence did not rise "to the level of suppressing or excluding evidence on any . . . legal grounds[.]" Trial counsel noted that, after two prospective jurors stated during voir dire that they recognized the Petitioner from his previous incarceration, the trial court issued a curative instruction to the remaining potential jurors. Further, trial counsel stated that he did not believe the incident "influenced the outcome of this case." Additionally, trial counsel stated that he believed that the prior booking photograph that the State introduced to establish the Petitioner's prior hair style did not prejudice the Petitioner.

- 4 -

The post-conviction court denied relief in an order filed on October 10, 2016. The post-conviction court found that "the attorneys for the [P]etitioner were adequate in the preparation of the case." More specifically, the post-conviction court found that trial counsel "met with the [P]etitioner more than five times after reviewing all the evidence[,]" "investigated all the witnesses, and the [Petitioner]'s eventual allegation of alibi[,]" "prepar[ed] for a jury trial," "constantly negotiate[ed] with the [State] for a reduced plea offer[,]" and "presented the [Petitioner]'s request for a reduced bond and all other issues that needed to be presented prior to trial." The post-conviction court concluded that trial counsel's performance was not deficient in his preparation of the Petitioner's case. The post-conviction court credited trial counsel's testimony. The post-conviction court also found that trial counsel informed the Petitioner of "all plea offers every time he met with [the] [P]etitioner[,]" "went over the possible sentences which were more sever[e] than the plea offers[,]" and "went over the evidence with [the] [P]etitioner, including the photographs, the wallet found at the scene with [the] [P]etitioner's identification, and all other evidence that was introduced." The post-conviction court concluded that trial counsel's performance was not deficient in his discussion of plea offers with the Petitioner.

The post-conviction court found that trial counsel "spoke with the [Petitioner's] wife and determined it would be disastrous to call the wife" and concluded that trial counsel's performance was not deficient for failing to call the Petitioner's wife at trial. The post-conviction court also concluded that trial counsel "was not deficient with regard to the photograph that was introduced[,] by not requiring the [S]tate to introduce fingerprints for a conviction[,] by not requiring more with regard to the chain of custody[,] and by not keeping [the Petitioner's] wallet out of the evidence." The post-conviction court also noted that the Petitioner received a preliminary hearing. Regarding the Petitioner's claim that trial counsel should have filed a motion to dismiss the indictment, the post-conviction court found that "[a]fter the jury returned a verdict[,] the [Petitioner] stipulated to the other convictions as amended." Regarding the Petitioner's allegation that trial counsel's performance was deficient for failing to request a mistrial after two potential jurors tainted the jury pool, the post-conviction court noted that "[t]hose two jurors did not serve on the case, and a curative instruction was given. This issue was raised on appeal and addressed by the appellate court, which found no constitutional error."

The Petitioner now appeals the post-conviction court's denial of relief. It appears from the record that, after denying relief to the Petitioner, the post-conviction court appointed appellate counsel to represent the Petitioner. However, appellate counsel failed to file a timely notice of appeal, and the Petitioner later filed a motion to dismiss appellate counsel. The post-conviction court appointed new appellate counsel, and the

Petitioner filed an untimely notice of appeal on December 19, 2016. The Petitioner has not formally asked this court to waive the timely filing requirement; however, the State concedes that waiver is proper. Accordingly, we will waive the Petitioner's timely filing of the notice of appeal in the interests of justice. *See* Tenn. R. App. P. 4 (". . . in all criminal cases the 'notice of appeal' document is not jurisdictional and the timely filing of such document may be waived in the interest of justice[]").

## II. Analysis

On appeal, the Petitioner argues that trial counsel's representation was deficient because trial counsel failed to: (1) request fingerprint testing on several items of evidence; (2) file a motion to suppress the introduction of these items at trial; (3) request a mistrial when two potential jurors stated during voir dire that they recognized the Petitioner from his prior incarceration; (4) allow the Petitioner to negotiate directly with the State regarding plea offers; and (5) move to dismiss the indictment "because one count contained an inaccurate conviction." The Petitioner asserts he was prejudiced by these deficiencies because "[t]he trial evidence circumstantially tied the [Petitioner] to the crime. Anything trial counsel could do to refute the circumstantial evidence would be crucial for the jury to consider." The Petitioner additionally asserts that, had he "prevailed in a Motion to Suppress or Motion to Dismiss the Indictment[,] he would have prevailed at trial."

*Standard of Review*

In order to prevail on a petition for post-conviction relief, a petitioner must prove all factual allegations by clear and convincing evidence. *Jaco v. State*, 120 S.W.3d 828, 830 (Tenn. 2003). Post-conviction relief cases often present mixed questions of law and fact. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). Appellate courts are bound by the post-conviction court's factual findings unless the evidence preponderates against such findings. *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015). When reviewing the post-conviction court's factual findings, this court does not reweigh the evidence or substitute its own inferences for those drawn by the post-conviction court. *Id.*; *Fields*, 40 S.W.3d at 456 (citing *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the [post-conviction court]." *Fields*, 40 S.W.3d at 456 (citing *Henley*, 960 S.W.2d at 579); *see also Kendrick*, 454 S.W.3d at 457. The post-conviction court's conclusions of law and application of the law to factual findings are reviewed de novo with no presumption of correctness. *Kendrick*, 454 S.W.3d at 457.

*Ineffective Assistance of Counsel*

The right to effective assistance of counsel is safeguarded by the Constitutions of both the United States and the State of Tennessee. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. In order to receive post-conviction relief for ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance was deficient; and (2) that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (stating that the same standard for ineffective assistance of counsel applies in both federal and Tennessee cases). Both factors must be proven in order for the court to grant post-conviction relief. *Strickland*, 466 U.S. at 687; *Henley*, 960 S.W.2d at 580; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Accordingly, if we determine that either factor is not satisfied, there is no need to consider the other factor. *Finch v. State*, 226 S.W.3d 307, 316 (Tenn. 2007) (citing *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004)). Additionally, review of counsel's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Henley*, 960 S.W.2d at 579. We will not second-guess a reasonable trial strategy, and we will not grant relief based on a sound, yet ultimately unsuccessful, tactical decision. *Granderson v. State*, 197 S.W.3d 782, 790 (Tenn. Crim. App. 2006).

As to the first prong of the *Strickland* analysis, "counsel's performance is effective if the advice given or the services rendered are within the range of competence demanded of attorneys in criminal cases." *Henley,* 960 S.W.2d at 579 (citing *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)); *see also Goad*, 938 S.W.2d at 369. In order to prove that counsel was deficient, the petitioner must demonstrate "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688); *see also Baxter*, 523 S.W.2d at 936.

Even if counsel's performance is deficient, the deficiency must have resulted in prejudice to the defense. *Goad*, 938 S.W.2d at 370. Therefore, under the second prong of the *Strickland* analysis, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694) (internal quotation marks omitted).

### (1) Failure to request fingerprint testing on evidence

The Petitioner contends that trial counsel's performance was deficient for failing to request that items of evidence be tested for fingerprints, specifically, a wallet found outside the victim's home, a tire iron, a firearm magazine, and a handkerchief. He asserts that he was prejudiced by this deficiency because "[t]he trial evidence circumstantially tied the Petitioner to the crime[,]" and "[a]nything trial counsel could do to refute the circumstantial evidence would be crucial for the jury to consider."

The Petitioner testified that trial counsel should have requested fingerprint testing because these pieces of evidence were moved to different locations before they were photographed and tagged by law enforcement for identification. However, he agreed that the wallet that was found at the crime scene could not be tested for fingerprints because it was wet when it was found. The post-conviction court concluded that trial counsel "was not deficient . . . by not requiring the [S]tate to introduce fingerprints for a conviction[.]"

Trial counsel has a duty to "conduct appropriate investigations, both factual and legal, to determine what matters of defense can be developed." *Baxter*, 523 S.W.2d at 933. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691; *see also State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). However, "when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Strickland*, 466 U.S. at 691.

Here, we agree with the post-conviction court's conclusion that trial counsel's performance was not deficient for failing to request that certain pieces of evidence found at the crime scene be tested for fingerprint evidence. Our opinion from the Petitioner's direct appeal notes that "[t]he investigators did not discover any fingerprint evidence and, therefore, decided not to send any items to the crime laboratory for analysis." *Ricco R. Williams*, 2013 WL 167285, at *5. If there was no fingerprint evidence to test, then trial counsel reasonably decided that requesting fingerprint testing of evidence was unnecessary. *See Strickland*, 466 U.S. at 691. The Petitioner is not entitled to relief on this ground.

### (2) Failure to file a motion to suppress the introduction of evidence

Similarly, the Petitioner argues that trial counsel's performance was deficient for failing to file a motion to suppress the evidence against him and that he was prejudiced

by this deficiency because "[a]nything trial counsel could do to refute the circumstantial evidence would be crucial for the jury to consider." Trial counsel testified that he did not object to the introduction of evidence found at the crime scene because he "didn't feel that [he] had a reasonable basis under the law to object as far as chain of custody goes or any legal basis to object." He explained that, although he believed that law enforcement did a poor job of securing the crime scene, their negligence did not rise "to the level of suppressing or excluding evidence on any . . . legal grounds[.]" The post-conviction court concluded that trial counsel "was not deficient . . . by not requiring more with regard to the chain of custody[,] and by not keeping [the Petitioner's] wallet out of the evidence."

"If a petitioner alleges that trial counsel rendered ineffective assistance of counsel by failing to . . . file a motion to suppress . . . the petitioner is generally obliged to present the witness or the other evidence at the post-conviction hearing in order to satisfy the *Strickland* prejudice prong." *Demarcus Sanders v. State*, No. W2012-01685-CCA-R3-PC, 2013 WL 6021415, at *4 (Tenn. Crim. App. Nov. 8, 2013) (citing *Pylant v. State*, 263 S.W.3d 854, 869 (Tenn. 2008)), *perm. app. denied* (Tenn. Mar. 17, 2014).

We agree with the post-conviction court's conclusion that trial counsel's performance was not deficient for failing to file a motion to suppress the evidence. The Petitioner did not present any evidence or witnesses at the post-conviction hearing to support a legal basis for the suppression of the evidence in his case. Further, trial counsel, whose testimony the post-conviction court credited, testified that there was no legal basis under which he could move for the suppression of evidence. The Petitioner is not entitled to relief on this ground.

### (3) Failure to request a mistrial during voir dire

The Petitioner asserts that trial counsel's performance was deficient for failing to request a mistrial after two potential jurors stated during voir dire that they knew the Petitioner from his prior period of incarceration.

At the post-conviction hearing, the Petitioner testified that he was prejudiced by trial counsel's failure to request a mistrial after the potential jurors' statements because trial counsel selected jurors from the jury pool that heard the potential jurors' statements. After two prospective jurors stated during voir dire that they recognized the Petitioner from his previous incarceration, the trial court issued a curative instruction to the remaining potential jurors. Further, trial counsel stated that he did not believe the incident "influenced the outcome of this case." The post-conviction court noted that "[t]hose two jurors did not serve on the case, and a curative instruction was given. This

issue was raised on appeal and addressed by the appellate court, which found no constitutional error."

In *Ricco R. Williams*, 2013 WL 167285, at *12, this court analyzed this issue under plain error review:

> When both potential jurors disclosed their knowledge of the [Petitioner], the trial court excused them for cause and, in the case of the first juror, issued a curative instruction regarding the [Petitioner]'s previous status as an inmate at [the West Tennessee State Penitentiary]. During voir dire, the [Petitioner]'s counsel acknowledged the [Petitioner]'s convicted felon status and questioned the prospective jurors regarding each person's ability to set aside that fact in examining the evidence at trial. No remaining prospective juror indicated any prejudice or bias concerning the [Petitioner]'s felon status. Later at trial, the parties stipulated that the [Petitioner] had been previously convicted of a felony. Furthermore, during the cross-examination of Ms. Cohill, the [Petitioner]'s counsel elicited from Ms. Cohill that she met the [Petitioner] while working at WTSP where the [Petitioner] was an inmate at the time. Under these circumstances, we perceive no error.

We conclude that the Petitioner has not established that he was prejudiced by trial counsel's failure to request a mistrial. The record reflects that the trial court issued a curative instruction after the prospective jurors acknowledged their familiarity with the Petitioner. Further, the two prospective jurors were dismissed from the jury pool. Trial counsel, whom the post-conviction court found credible, stated that he did not believe the incident "influenced the outcome of this case." The Petitioner is not entitled to relief on this ground.

### *(4) Failure to allow the Petitioner to negotiate directly with the State*

The Petitioner contends that trial counsel's performance was deficient because trial counsel advised against the Petitioner's negotiating directly with the State about plea offers. Trial counsel continued negotiating with the State up to the day of trial. He advised the Petitioner not to speak to the State directly about plea negotiations because the State could use any statement that the Petitioner made against him at trial. The post-conviction court credited trial counsel's testimony and found that trial counsel informed the Petitioner of "all plea offers every time he met with [the] [P]etitioner." The post-conviction court concluded that trial counsel's performance was not deficient in his discussion of plea offers with the Petitioner. We agree with the post-conviction court that trial counsel was not deficient for advising the Petitioner against speaking with the State

directly. Additionally, the Petitioner was not prejudiced by trial counsel's advice because trial counsel informed the Petitioner of all of the State's plea offers and continued negotiating with the State for a favorable plea offer up to the day of trial. The Petitioner is not entitled to relief on this ground.

### (5) Failure to request the dismissal of the indictment due to inaccuracies

The Petitioner lastly asserts that trial counsel's failure to request the dismissal of the indictment was deficient representation. At the post-conviction hearing, the Petitioner testified that trial counsel should have filed a motion to dismiss the indictment because counts ten and eleven mistakenly listed convictions from Illinois. However, he agreed that, on appeal, counts ten and eleven of his indictment were dismissed and that he was no longer serving his sentences for those convictions. The post-conviction court found that the Petitioner was not prejudiced by trial counsel's failure to move to dismiss the indictment.

We note that the Petitioner did not introduce the indictment into evidence at the post-conviction hearing or attach the indictment as an exhibit to his petition for post-conviction relief. It is the duty of the appellant to prepare the appellate record. *See State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993); *see also* Tenn. R. App. P. 24. Regardless, this court reversed the Petitioner's conviction for count ten and remanded for a new trial and reversed and dismissed the Petitioner's conviction for count eleven of the indictment. *Ricco R. Williams*, 2013 WL 167285, at *1. The Petitioner has not established that he was prejudiced by trial counsel's failure to move to dismiss the indictment. He is not entitled to relief on this ground.

### III. Conclusion

For the aforementioned reasons, the judgment of the post-conviction court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE